IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

NOSTRUM LABORATORIES, INC., and )
NOSTRUM PHARMACEUTICALS, LLC, )
                                      )
        Plaintiffs, )
                                      )
vs. )   Case No. 16-01040-CV-W-ODS
                                      )
BALBOA CAPITAL CORPORATION, )
                                      )
        Defendant. )

<u>ORDER (1) GRANTING NOSTRUM'S MOTION IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART BALBOA'S OMNIBUS MOTION IN LIMINE</u>

Pending are motions in limine filed by both parties. As set forth below, Plaintiffs Nostrum Laboratories, Inc., and Nostrum Pharmaceuticals, LLC's (collectively, "Nostrum") motion (Doc. #97) is granted, and Defendant Balboa Capital Corporation's ("Balboa") motion (Doc. #98) is granted in part and denied in part. The parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

**Nostrum's Motion in Limine**

Nostrum asks the Court to prohibit introduction of, testimony about, or references to an appraisal[1] obtained by Balboa on January 16, 2018. By way of background, discovery commenced in January 2017, and concluded on March 1, 2018 (after the

---

[1] Nostrum refers to the appraisal as a "desktop appraisal" because it was conducted without viewing the property, and without leaving the appraiser's desk. The Court will simply refer to it as an appraisal.

Court granted four extensions). On April 5, 2017, Nostrum designated Dr. Nirmal Mulye to provide his opinion on the fair market value of equipment Balboa claims Nostrum converted. He opined the fair market value of the equipment is $200,000. Doc. #83-1. In its January 25, 2018 supplemental initial disclosures, Balboa restated what it believed the equipment's fair market value was: $598,430. Doc. #103-1. Four days later, Balboa's corporate representative was deposed. During this deposition, Nostrum learned Balboa obtained an appraisal on January 16, 2018, for the equipment financed by Balboa. Doc. #97-2. The appraisal stated the equipment's fair market value was $787,700. Doc. #97-3. Nostrum argues this appraisal must be excluded because Balboa never identified the appraiser as an expert witness, the appraisal contradicts the amounts Balboa asserted in its counterclaims and disclosed in its initial disclosures, the appraisal lacks foundation, and it constitutes hearsay.

In response to Nostrum's motion, Balboa states it does not intend to offer the appraisal as an expert opinion, and does not intend to rely on the appraisal as evidence of the equipment's fair market value. Doc. #103, at 1, 5. Instead, Balboa argues "the [a]ppraisal constitutes rebuttal evidence to refute Nostrum's claims that Balboa's estimation of the fair market value underlying its payoff was done in bad faith, and thereby violated the duty of good faith and fair dealing." *Id.* at 2. Balboa may also use the appraisal to impeach Dr. Mulye's opinion, his credibility, and the reliability of his methodology. *Id.* In addition, Balboa argues the appraisal is not hearsay because it is not offered to prove the truth of the fair market value asserted therein. Rather, Balboa contends the appraisal is probative of its motivation and basis for pursuing the fair market value it seeks (or the return of the equipment), which counters Nostrum's allegation that Balboa is violating the duty of good faith and fair dealing.

Plaintiff's motion is granted, and the January 16, 2018 appraisal will not be admitted, used, or referred to during trial. The appraisal is hearsay. Even if it were not hearsay, no foundation has been laid for its admission. Further, it would be unfairly prejudicial to Nostrum if Balboa were permitted to use the information contained in the report without subjecting the information (and the person who set forth the information) to rigorous cross-examination. Additionally, the appraisal does not support the fair

market value Balboa provided to Nostrum years ago, and was not utilized by Balboa (at any point in time) to assess the fair market value of the equipment.

In this motion, Nostrum also seeks to preclude Balboa from offering any testimony or argument that its alleged damages for the equipment's fair market value are anything higher than the amount identified in Balboa's supplemental initial disclosures. Balboa represents it "stands by its assertion of the fair market value of the Equipment to be $598,430." Doc. #103, at 1. Based upon Balboa's concession, the Court grants Nostrum's request. To the extent Balboa seeks to recover damages based upon the equipment's fair market value, Balboa will not be permitted to seek a fair market value for the equipment that is more than the fair market value set forth in its supplemental initial disclosures.

## Balboa's Motion in Limine

**(1)     Other Customer Complaints**

Balboa asks the Court to exclude evidence and argument concerning other customer complaints involving Balboa. Nostrum does not oppose this motion. Doc. #101, at 1. Accordingly, Balboa's motion is granted.

**(2)     Governmental Inquiries, Investigations, and Lawsuits**

Balboa seeks to exclude evidence or argument concerning governmental inquiries, investigations, and lawsuits involving Balboa. Nostrum does not oppose this motion. Doc. #101, at 1. Accordingly, Balboa's motion is granted.

**(3)     Gross Margin or Alleged Profit**

Balboa requests exclusion of any argument or evidence concerning Balboa's "gross margin" or "profit." Balboa argues Nostrum's claims are based upon Nostrum's subjective intentions and understanding of the master lease. Balboa maintains Nostrum could not have known what gross margin or profit Balboa may obtain at the time the agreement was made, and such evidence is irrelevant to Nostrum's claims. Alternatively, Balboa argues if the evidence is relevant, admission of such evidence

would be unfairly prejudicial to Balboa, may confuse the issues, and could mislead the jury.

Nostrum argues the jury is charged with determining the intent of the parties when they entered into the master lease. Nostrum maintains it entered into the master lease with the intent and understanding that Balboa would earn a profit comparable to other finance companies offering capital leases. But Balboa, according to Nostrum, interprets the agreement differently, such that Balboa, according to Nostrum, receives a 300% rate of return. Nostrum asserts evidence of Balboa's past and potential financial gain from the transactions corroborates Nostrum's understanding, and would permit the jury to "understand that no rational person or business would enter into a transaction requiring more than full payment for the leased items." Doc. #101, at 3. To the extent there is any confusion with the admission of this evidence, Nostrum argues Balboa would have the opportunity to clarify its rate of return and profit.

Balboa's motion is denied. The parties will be permitted to present evidence and testimony about their intent when entering into the master lease. The parties will also be allowed to testify about their beliefs and expectations when they executed the master lease about what would transpire at the conclusion of the base term. The parties will also be permitted to explain what occurred at the conclusion of the base term.

**(4)    Bait and Switch**

Balboa asks the Court to exclude use of the phrase "bait and switch," and prohibit argument and evidence concerning an alleged "bait and switch" operation by Balboa. Balboa argues the use of the term is irreparably prejudicial, particularly because it implies fraudulent and criminal activity, and suggests Balboa engaged in willful misrepresentation of the master lease's terms or deliberately intended to deceive Nostrum. But Nostrum has not alleged a claim of fraud.

Nostrum argues Balboa's "bait and switch" operation is relevant because it describes what occurred in this matter. Nostrum contends Balboa led Nostrum to believe the master lease was a capital lease (that would allow for full acquisition of the equipment), but instead, Balboa provided Nostrum with an ambiguous master lease, which, according to Nostrum, requires the return of the equipment. Nostrum also

4

emphasizes "bait and switch," a sales practice where a merchant advertises a low-priced product to lure customers into the store and induce them to buy a higher priced product, is not synonymous with common law fraud.

The Court grants in part and denies in part Balboa's request. The phrase "bait and switch" shall not be used during trial. Counsel must advise their clients and the witnesses they call that this phrase shall not be used. The motion is denied to the extent it seeks to prohibit Nostrum from introducing evidence or making argument about the communications between the parties about the terms of the master lease, and Nostrum's understanding of the master lease terms.

**(5)     Charges for Property Tax, Sales Tax, or Document Fees**

Balboa moves to exclude argument and evidence concerning allegedly improper charges for property tax, sales tax, and/or documents fees. Nostrum does not oppose this motion. Doc. #101, at 1. Accordingly, Balboa's motion is granted.

**(6)     Hearsay Statements by Don Hansen After Employment with Balboa Ended**

Balboa contends arguments and evidence containing alleged hearsay statements made by Don Hansen after he left his employment with Balboa should be excluded. Nostrum does not oppose this motion. Doc. #101, at 1. Accordingly, Balboa's motion is granted.

**(7)     Real Party in Interest**

Finally, Balboa moves to exclude evidence or argument that Balboa is not the real party in interest to enforce the master lease or lease schedules. Nostrum does not oppose this motion. Doc. #101, at 1. Accordingly, Balboa's motion is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  June 20, 2018            UNITED STATES DISTRICT COURT