IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NOSTRUM LABORATORIES, INC., and NOSTRUM PHARMACEUTICALS, LLC, </br></br>Plaintiffs,</br></br>vs.</br></br>BALBOA CAPITAL CORPORATION,</br></br>Defendant. | Case No. 16-01040-CV-W-ODS |

ORDER AND OPINION (1) GRANTING PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S DESIGNATION OF DEPOSITION TESTIMONY AND
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STALE FELONY
CONVICTION, AND (2) GRANTING DEFENDANT'S MOTION TO EXCLUDE
DEPOSITION TESTIMONY DESIGNATED BY PLAINTIFFS

Pending are Plaintiffs' Objections to Defendant's Designation of Deposition Testimony and Motion in Limine to Exclude Evidence of Stale Felony Conviction (Doc. #117), and Defendant's Motion to Exclude Deposition Testimony Designated by Plaintiffs (Doc. #118). For the following reasons, both motions are granted.

## I.     Plaintiffs' Motion

Prior to 2008, Anil Anand served as Chief Financial Officer for Plaintiff Nostrum Pharmaceuticals LLC ("Nostrum"). Doc. #81-1, at 3-4. Since 2008, Anand has been a financial advisor to both Plaintiffs. *Id.* According to the United States District Court for the Southern District of New York's records, Anil Anand pleaded guilty on May 14, 2004, to conspiracy to commit bank fraud, mail fraud, and wire fraud; bank fraud; conspiracy to commit money laundering; income tax evasion; and false statements. *United States v. Anand*, No. 02-CR-00673-RMB-2 (S.D.N.Y.) (Docs. #211, 237-38, and Court Entry dated 5/14/2004). On June 17, 2008, Anand was sentenced to time served[1] and five

---

[1] In 2002, Anand was incarcerated for approximately seven months, and in 2003, he was electronically monitored for roughly nine months. *See* No. 02-CR-00673-RMB-2 (Docs. #51-52, 60-61, 64, 136, and Court Entries dated 5/14/02, 5/17/02, 5/23/02, 6/28/02, 9/11/03).

years of supervised release. No. 02-CR-00673-RMB-2 (Doc. #422). Anand was ordered to pay $683,632,800.23 in restitution, and his interest in $600,000,000 was forfeited. *Id.* (Doc. #428).

Plaintiffs ask the Court to prohibit Defendant from introducing designated deposition testimony or attempting to introduce any evidence about, elicit testimony concerning, or refer to Anand's felony conviction. Plaintiffs argue Anand's conviction lacks any probative value, and even if it had probative value, it does not substantially outweigh the prejudicial effect. Defendant argues evidence of Anand's conviction for false and dishonest statements in connection with financial transactions is relevant and crucial to the jury's assessment of his character for truthfulness and his credibility about the master lease at issue in this matter.

### A. Federal Rule of Evidence 609(b)

"[I]f more than 10 years have passed since the witness's conviction or release for confinement for it, whichever is later," evidence of the witness' conviction is admissible only if the following two conditions are met:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b)(1)-(2). Rule 609(b) creates a "rebuttable presumption against the admissibility of prior convictions more than ten years old." *United States v. Felix*, 867 F.2d 1068, 1073 (8th Cir. 1989) (citations omitted). Consequently, evidence of a stale conviction "should be admitted very rarely and only in exceptional circumstances." *United States v. Babb,* 874 F.3d 1027, 1030 (8th Cir. 2017) (quoting *United States v. Stoltz*, 683 F.3d 934, 939-40 (8th Cir. 2012)).

### B. Reasonable Written Notice of Intent to Use Conviction

The Court will first address whether Defendant gave Plaintiffs reasonable written notice of its intent to use Anand's conviction. Plaintiffs argue they were unaware of Defendant's intent to use Anand's conviction until Plaintiffs, after they filed their motions in limine, were served with Defendant's deposition designations on June 7, 2018. Doc.

2

#99. Plaintiffs argue that had they been given reasonable notice, they would have filed a motion in limine seeking to exclude Anand's conviction. Defendants contend Plaintiffs have known since January 2018 – when Anand's deposition was taken – that Defendant may potentially use Anand's conviction. But Defendant fails to cite to authority concluding the questioning of a witness about his or her conviction complied with the written notice requirement of Rule 609(b)(2) of the Federal Rules of Evidence.

Nonetheless, Defendant's designation of those portions of Anand's deposition pertaining to his conviction notified Plaintiffs, in writing, that it intended to use Anand's conviction. Plaintiffs had a fair opportunity to contest its use by filing the pending motion more than three weeks before trial is scheduled to commence. Accordingly, the Court finds Plaintiffs were given reasonable written notice of Defendant's intent to use Anand's conviction.

### C. Probative Value and Prejudicial Effect

To allow admission of evidence regarding Anand's conviction, the Court must find the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Defendant argues evidence bearing on Anand's credibility is paramount to the jury's evaluation of his credibility, particularly with regard to assessing his credibility as to what was said, understood, and intended between Anand and Hansen about the master lease.[2] Defendant also contends Anand's conviction for false and dishonest statements is

---

[2] Defendant also argues that, due to fortuitous scheduling, Anand's conviction is analyzed under Rule 609(b) (instead of Rule 609(a)) because his conviction was rendered ten years and fifty days prior to the commencement of trial. But many courts, including the Eighth Circuit, have utilized the date on which the guilty plea is entered as the date of conviction in analyzing potential admissibility of convictions under Rule 609(b). *See United States v. Maichle*, 861 F.2d 178, 179-81 (8th Cir. 1988) (noting the defendant's prior conviction occurred on the date of his guilty plea); *United States v. White*, No. 17-CR-333, 2018 WL 2213004, at *5 (E.D.N.Y. May 9, 2018); *Adams v. City of Shreveport*, No. 15-2637, 2017 WL 5559930, at *3 (W.D. La. Nov. 17, 2017); *United States v. Yielding*, No. 08CR00213, 2009 WL 1110817, at *2-3 (E.D. Ark. Apr. 24, 2009). Anand pleaded guilty in May 2004, more than fourteen years prior to this trial. Thus, even if the trial had been held in December 2017 (as initially scheduled), evidence of Anand's conviction would have been analyzed under Rule 609(b).

3

"directly relevant" to the jury's assessment of his character for truthfulness. But Defendant does not set forth specific facts and circumstances establishing the probative value of Anand's conviction. This case is about a master lease executed in 2011. Other than a general observation that Anand was convicted of making false statements to law enforcement, Defendant points to nothing specific about Anand's previous conviction, which was based upon conduct that occurred in 2002, that would be probative of the facts in this matter. The Court finds there is little, if any, probative value in Anand's conviction.

Regardless of the degree of probative value assigned to Anand's conviction, the Court finds the probative value, if any, does not "substantially outweigh" the prejudicial effect of the conviction. The admission of Anand's conviction would be highly prejudicial. If the Court were to permit evidence about Anand's conviction (including but not limited to the facts surrounding his conviction, the financial ramifications of his actions, and the crimes of which he was convicted), the jury would be influenced to decide this matter on an improper basis. *King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994) (finding unfair prejudice occurs when the jury would be influenced to decide a case on an improper basis). By way of example, the jury may discount (if not disregard) Anand's representations about the 2011 contract based solely upon his criminal activity in 2002. The jury may cast aspersions on Anand, simply because he is a convicted felon (for a crime that occurred sixteen years ago and is dissimilar to the matter at hand).

Any probative value Anand's conviction may have is substantially outweighed by the prejudicial effect the conviction would have if admitted. *See Babb*, 874 F.3d at 1030 (finding the district court "acted well within its discretion when it excluded" stale convictions because they attacked the witness's character for truthfulness); *Ward v. Smith*, No. 10-CV-3398-ODS, 2015 WL 1499035, at *1 (W.D. Mo. Apr. 1, 2015) (finding a conviction more than ten years old offered to attack the witness's credibility would be excluded because the prejudicial nature of the conviction far outweighed any probative value); *see also J. Lloyd Int'l, Inc. v. Super Wings Int'l, Ltd.*, No. 15-CV-74-LRR, 2016 WL 7411132, at *2-3 (N.D. Iowa Dec. 22, 2016) (finding the witness's thirty-year old conviction was inadmissible because, although the witness's credibility was at issue, the

4

conviction's probative value was substantially outweighed by the prejudicial effect). Furthermore, Anand's conviction does not rebut the presumption against the admissibility of stale convictions. *Felix*, 867 F.2d at 1073. And it certainly does not present rare or exceptional circumstances. *Babb*, 874 F.3d at 1030. For all of these reasons, the Court grants Plaintiffs' motion.

## II. Defendant's Motion

On March 27, 2014, Plaintiffs' accountant, Kevin Kennedy, sent an email to Frank Ann stating the master lease is "absolutely a capital lease – it specifically calls itself a 'financing' lease, which is the same thing. Plus you have the right to purchase at the end of the term for a nominal amount." Doc. #118-2, at 1. Ann testified about this communication when deposed in 2018. Doc. #118-1. Defendant asks the Court to prohibit Plaintiffs from offering evidence of or referring to Kennedy's opinion because (1) it is hearsay, (2) it is improper expert testimony, and (3) Plaintiffs did not identify Kennedy as a witness. Plaintiffs concede Kennedy's opinion will not be used to prove the meaning of the master lease's terms, will not be offered as expert testimony, and will not be offered for the truth of the matter asserted therein. However, Plaintiffs intend to use Kennedy's opinion to show its effect on Plaintiffs, and corroborate their understanding and conduct related to the master lease.

As previously decided, many terms in the master lease are ambiguous, the parties' intentions for the master lease are disputed, and whether the parties omitted a fundamental assumption is disputed. Doc. #95, at 12. While, as Plaintiffs contend, an out-of-court statement may be offered to show the effect the statement had on the listener, it is unclear what effect Kennedy's March 2014 statement had on Plaintiffs, particularly when the master lease was negotiated and executed in 2011. Instead, Kennedy's statement corroborates Plaintiffs' understanding of the lease, and Plaintiffs' actions pertaining to the master lease. In this regard, Kennedy's statement is offered to prove Plaintiffs' interpretation of the master lease is correct, and therefore, is offered for the truth of the matter asserted therein. Based upon the facts presented at this time, the Court cannot conclude Kennedy's statement is offered for anything other than the truth of the matter asserted therein. For this reason, Defendant's motion is granted.

5

In addition, the parties are required to identify all individuals "likely to have discovery information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…." Fed. R. Civ. P. 26(a)(1)(A)(i). If, as Defendant represents, Plaintiffs failed to identify Kennedy as a witness but Plaintiffs intend to call him as a witness, they will not be permitted to do so. To the extent Plaintiffs intend to use Kennedy's opinion to corroborate their claims (or defenses) but did not identify him as a person having discoverable information, the Court is not inclined to allow the introduction and admission of Kennedy's opinion. For this additional reason, Defendant's motion is granted.

IT IS SO ORDERED.

DATE: July 19, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT